IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK CRUZ,<br>　　　Petitioner | :<br>:<br>: |
| v. | : CIVIL NO. 1:CV-16-1802<br>:<br>:　　(Judge Caldwell) |
| JEFFREY GRONDOLSKI,<br>WARDEN, FMC-DEVENS,<br>　　　Respondent | :<br>:<br>: |

*M E M O R A N D U M*

I.　*Introduction and Procedural History*

　　　　We have to decide whether to transfer this habeas action to the United States District Court for the District of Massachusetts. We conclude that we should.

　　　　Petitioner, Derrick Cruz, an inmate at FMC Devens, Ayer, Massachusetts, was a defendant in 1995 criminal proceedings in this court on two drug-trafficking charges and a money-laundering charge, docketed at *United States v. Cruz*, No. 1:95-CR-204 (M.D. Pa.). Judgment of sentence was entered on May 1, 1996.

　　　　On May 31, 2016, a little over twenty years later, Petitioner filed a pro se motion in that action under Fed. R. Civ. P. 60(b)(5) for relief from the judgment of sentence. Petitioner contends he is no longer obligated to pay the $6,000 fine imposed as part of the sentence because his liability on the fine expired twenty years after the entry of the judgment. He bases this argument on the former version of 18 U.S.C. § 3613(b)(1), which Petitioner maintains applies to him.

We ordered the government to respond to the motion. (Doc. 2). In its response (Doc. 4), the government argued that the current version of section 3613 applies to Petitioner and that it requires him to continue to pay the fine.

After the government responded to the motion, we decided Petitioner's claim was really one that should be considered by way of a habeas petition under 28 U.S.C. § 2241 since it was a challenge to the execution of the sentence, citing *Griggs v. Zickenfoose*, No. 13-CV-2342, 2014 WL 2042153, at *1 (M.D. Pa. May 19, 2014) (Caldwell, J.)("Griggs' petition is a challenge to the BOP's execution of his sentence and thus is properly brought pursuant to § 2241."). We directed the Clerk of Court to open this habeas case with Derrick Cruz as the petitioner and the warden at FMC Devens as the respondent. (Doc. 312, No. 1:95-CR-204). Petitioner's Rule 60(b)(5) motion became the petition. (Doc.1)

The Federal Public Defender was appointed to represent Petitioner and filed a brief in support of the petition. In his opposition brief (Doc. 12) to this filing, Respondent contended that we should transfer the case to the United States District Court for the District of Massachusetts because the petition should be filed in the district which has jurisdiction over Petitioner's custodian and this court lacks jurisdiction over the custodian. We agree with this argument and will transfer the case.

II.   *Background*

On August 15, 1995, Petitioner was named in three counts of a six-count indictment. Count I charged him with conspiring to distribute and possess with intent to

distribute more than 50 grams of crack cocaine and cocaine from on or about September 1994 through May 1995, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count II charged him with distributing and possessing with intent to distribute 50 grams or more of crack cocaine from on or about September 1994 through May 1995, in violation of 21 U.S.C. §§ 841a)(1) and 841(b)(1)(A)(iii). Count VI charged hin with money laundering from February 1, 1995, through February 28, 1995, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

On January 23, 1996, the jury convicted Petitioner on all three charges. On May 1, 1996, he was sentenced to an aggregate term of 324 months' imprisonment and to pay a $6,000 fine. On October 17, 2008, upon Petitioner's motion under 18 U.S.C. § 3582(c)(2), the sentence was reduced to 262 months' imprisonment.

III. *Discussion*

As the Supreme Court noted in *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), the proper respondent in a 2241 petition is "the person who has custody over" the petitioner. *Id.* at 434, 124 S.Ct. at 2717 (quoting 28 U.S.C. § 2242). The respondent is the "immediate custodian," the person with the power to produce the person before the court and to release him if proper to do so. *Id.* at 435, 124 S.Ct. at 2717 (citing 28 U.S.C. § 2243). As *Rumsfeld* also noted, "[d]istrict courts are also limited to granting habeas relief 'within their respective jurisdictions,'" *id.* at 442, 124 S.Ct. at 2722 (quoting 28 U.S.C. § 2241(a)), meaning "'that the court issuing the writ have jurisdiction over the custodian.'" *Id.*, 124 S.Ct. at 2722 (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443

(1973)). This requires that the custodian be within the territorial jurisdiction of the issuing court. *Id.* at 445, 124 S.Ct. at 2723.

Based on the foregoing, Respondent argues that we lack jurisdiction to entertain the petition because we do not have jurisdiction over him as he is located in the District of Massachusetts. Respondent requests that we transfer the case to the United States District Court for the District of Massachusetts or, alternatively, dismiss it.

Petitioner opposes transfer. First, he distinguishes *Rumsfeld* because the 2241 petition there was a "core" habeas challenge "to present physical confinement" so that the "default rule" applied, meaning that "the proper respondent" [was] the warden of the facility where the prisoner [was] being held, not the Attorney General or some other remote supervisory official." *Id.* at 435, 14 S.Ct. at 2718. Here, in contrast, Petitioner challenges the requirement that he continue to pay a fine, not his physical confinement.

Petitioner argues that since this is a "non-core" habeas proceeding, traditional principles of venue apply, and the petition is properly brought in this district because, in part, the fine was imposed as part of criminal proceedings in this district and the issue is purely a legal one that does not require the presence of witnesses or Petitioner. Petitioner relies on *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488 (S.D.N.Y. 2009), and *Somir v. United States*, 354 F. Supp. 2d 215 (E.D.N.Y. 2005). Petitioner also argues that "[pr]actical considerations" counsel that the case be adjudicated here because transferring or dismissing it will delay its adjudication at a time when the Bureau of Prisons is imposing certain restrictions on him for refusing to

continue to make payments on the fine.  (Doc. 13, ECF p. 4; Doc. 10-3, ECF pp. 1-2, EX. A).

We disagree with Petitioner.  It is true that the courts in *Farez-Espinoza* and *Somir* decided that the petition need not be filed in the district where the custodian is located.  However, those cases involved challenges to detention under immigration law, and the courts found it crucial that the Attorney General has a unique role in being in complete charge of immigration proceedings up to removal, thus justifying naming the Attorney General as the respondent rather than the alien's immediate custodian.  *Farez-Espinoza*, 600 F. Supp. 2d at 494; *Somir*, 354 F. Supp. 2d at 217-18.   The instant case involves a challenge to the execution of a sentence, so we should follow the statutory requirements on jurisdiction as interpreted in *Rumsfeld*.  *See United States v. Snyder*, 601 F. App'x 67, 71 (3d Cir. 2015)(nonprecedential)(a 2241 petition challenging execution of a sentence should be filed in the district where the petitioner is confined, citing *Rumsfeld*); *United States v. Gorham-Bey*, 523 F. App'x 168, 169 (3d Cir. 2013)(nonprecedential)(same).  Since this is a matter of "habeas jurisdiction," we cannot consider "practical considerations" in deciding whether to retain this case and adjudicate it ourselves.[1]

Based on 28 U.S.C. § 1631, we will transfer this case to the United States District Court for the District of Massachusetts.

---

[1] In the past, we have considered the requirement that the court have jurisdiction over the custodian as a venue rule that could be waived by Respondent.  *See Cox v. Holt*, No. 08-CV-2268, 2009 WL 4015567, at *3 (M.D. Pa. Nov. 19, 2009).  However, Respondent has not waived the requirement here.

                                               /s/William W. Caldwell
                                               William W. Caldwell
                                               United States District Judge

Date: December 20, 2016